## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Davida Jackson,

                Plaintiff,

                               Case No. 1:20-cv-859-MLB

v.

Norfolk Southern Railway
Company,

                Defendant.

_____/

## OPINION & ORDER

Plaintiff Davida Jackson sued her former employer, Defendant Norfolk Southern Railway Company, asserting four claims: (1) due process violations; (2) breach of contract and violation of Defendant's FMLA policy; (3) age and race discrimination; and (4) intentional infliction of emotional distress ("IIED"). (Dkt. 18-1.) Defendant moved to dismiss. (Dkt. 31.) The Magistrate Judge issued a Report and Recommendation ("R&R"), saying Defendant's motion be granted in part and denied in part. (Dkt. 37.) Plaintiff filed no objections, but Defendant objected to the partial denial of its motion. (Dkt. 39.) After conducting a

de novo review of the portions of the R&R to which Defendant specifically objects and a plain error review of the rest, the Court overrules Defendant's objections and adopts the R&R in its entirety.

## I.   Background

Plaintiff (a white female) worked as an accountant in Defendant's Waybill Processing Department since August 31, 1999.  (Dkt. 18-1 ¶ 11.) Angela Fields (a white female) and Greg Ausborn (a white male) were, respectively, her immediate supervisor and department manager.  (*Id.* ¶ 12.)   On May 12, 2017, Defendant received Plaintiff's request for intermittent FMLA leave for health conditions.  (*Id.* ¶ 13.)  The terms of the leave stipulated one day per doctor appointment every four to six months.  (*Id.*)  The certified leave period ran from May 1, 2017 through April 30, 2018.  (*Id.*)  On August 11, 2017, Plaintiff reported to work at 6:00 a.m. before realizing she had a doctor's appointment at 9:30 a.m. that same morning.  (*Id.* ¶ 14.)  She contacted Ms. Fields via email and requested FMLA leave for the appointment.  (*Id.*)  Ms. Fields approved the request, and Plaintiff left work at 9:00 a.m.  (*Id.*)  After that, Ms. Fields contacted the Norfolk Police Department to requested Police

Investigator D. J. Hill follow Plaintiff and videotape her activity. (*Id.* ¶ 15.)

On August 25, 2017, Mr. Ausborn confronted Plaintiff while she was with several co-workers, told her to get her personal items and leave the building, and explained she was being "dismissed from all service at Norfolk Southern Railway Company" for failing to comply with a June 5, 2017 letter regarding FMLA and for engaging in conduct unbecoming of an employee. (*Id.* ¶ 16.) He further said Plaintiff had "marked off" work under false pretenses by making an untruthful statement in an email sent on August 11, 2017 requesting leave to attend a doctor's appointment. (*Id.*) At the same time, Mr. Ausborn gave Plaintiff a letter dated August 25, 2017 which provided the same basis for dismissal. (*Id.* ¶ 17.) At that time, Plaintiff had not yet received the June 5, 2017 letter alluded to by Defendant and did not know what it said. (*Id.*)

On August 28, 2017, Plaintiff requested a grievance hearing to challenge the termination as unfair, unlawful, and contrary to the facts. (*Id.* ¶ 18.) Mr. Ausborn received the request and scheduled an "on property" hearing for September 5, 2017. (*Id.* ¶ 19.) The notice of hearing alleged Plaintiff lied about having a doctor's appointment and failed to

comply with the provision of the June 5, 2017 letter (which Plaintiff still had not receive). (*Id.* ¶ 20.) Kelli Bates, Director of Defendant's Customer Accounting Department, presided over the hearing. (*Id.* ¶ 21.) Defendant's witnesses were Mr. Ausborn and his assistant, Danielle Lewis. (*Id.*) No discovery was conducted, and Defendant's entire case was based on Mr. Ausborn's recount of a hearsay declaration by Police Investigator J.D. Hill. (*Id.* ¶ 23.) On January 27, 2020, Plaintiff received a letter containing the final decision of the Railway Arbitration Panel denying her relief. (*Id.* ¶ 5.) Plaintiff filed no EEOC complaint. (*Id.* ¶ 6.)

Plaintiff sued asserting four claims: (1) due process violations; (2) breach of contract and violation of Defendant's FMLA policy; (3) age and race discrimination; and (4) IIED. (*Id.* ¶¶ 24–74.) Defendant moved to dismiss. (Dkt. 31.) The Magistrate Judge issued an R&R, saying all Plaintiff's claims should be dismissed except her FMLA claim. (Dkt. 37.)

## II.   Standard of Review

The district court must "conduct[] a plain error review of the portions of the R&R to which neither party offers specific objections and a de novo review of the Magistrate Judge's findings to which [a party] specifically objects." *United States v. McIntosh*, No. 1:18-cr-00431, 2019

WL 7184540, at *3 (N.D. Ga. Dec. 26, 2019); *accord* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made."); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam) (explaining that plain error review is appropriate in absence of objection). "Parties filing objections to a magistrate's [R&R] must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting the required review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   Discussion

### A.   Due Process

Plaintiff alleges Defendant violated her due process rights (as provided in a Collective Bargaining Agreement) when it terminated her for failing to comply with the "mark off" provisions of an unsigned letter and for lying about a doctor's appointment. (Dkt. 18-1 ¶¶ 25–27.) She alleges she challenged her termination and expected a fair and impartial hearing, but Defendant presented no witnesses who testified based on

5

personal knowledge.  (*Id.* ¶¶ 28–32.)  The Magistrate Judge recommends dismissing Plaintiff's due process claim because Plaintiff failed to allege Defendant is a government actor and because any allegations related to violations of the Collective Bargaining Agreement ("CBA") are preempted by the Railway Labor Act ("RLA").  (Dkt. 37 at 16–18.)

The Court finds no plain error in this recommendation because Defendant is a private corporation, Plaintiff complains about Defendant's unfair conduct at a private hearing, and due process protections apply only against government actors.  *See Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995) ("[I]t is axiomatic that constitutional due process protections 'do not extend to private conduct abridging individual rights.'" (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)); *see also Etkind v. Suarez*, 519 S.E.2d 210, 214 (Ga. 1999) ("[T]he Due Process Clause of the Georgia Constitution . . . only protects Georgia citizens against state action, and does not affect the conduct of other private individuals."); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1351 (11th Cir. 2003) ("The RLA establishes a mandatory framework for the resolution of 'minor disputes' over the interpretation of collective bargaining agreements" and reserves their adjudication solely to boards

of adjustment); *Kozy v. Wings W. Airline, Inc.*, No. C-94-1678, 1995 WL
32915, at *3 (N.D. Cal. Jan. 25, 1995) (stating there "is no question that
these causes of action are considered 'minor disputes' under the RLA"),
*aff'd and remanded Kozy v. Wings W. Airlines, Inc.*, 89 F.3d 635 (9th Cir.
1996).

### B.    Breach of Contract and FMLA Violation

In her second count, Plaintiff alleges her unlawful termination
constituted a breach of the CBA and a violation of Defendant's FMLA
policy. (Dkt. 18-1 ¶¶ 33–46.)  Plaintiff claims she requested FMLA leave
for the 9:30 a.m. doctor's appointment and that her supervisor approved
the leave without asking when she would return to work.  (*Id.* ¶¶ 36–37.)
She contends she never received any warning from Defendant for prior
mark-off times.  (*Id.* ¶¶ 39, 44.)  The Magistrate Judge recommends
dismissing Plaintiff's breach of CBA claim, but allowing her FMLA claim
to survive.  (Dkt. 37 at 18–20.)  The Court finds no plain error in the
conclusion Plaintiff's CBA claim should be dismissed because—as
Magistrate Judge Baverman concluded—any such claim is preempted by
the RLA.  *See Geddes*, 31 F.3d at 1351; *Kozy*, 1995 WL 32915, at *3.  As
to the survival of Plaintiff's FMLA claim, Defendant objects, contending

7

no FMLA cause of action was pled. (Dkt. 39 at 1.) Defendant argues count two mentions Plaintiff was approved for FMLA leave, but centers on the circumstances of her termination and apparent lack of due process in the aftermath of her termination. (*Id.* at 2.) Defendant contends the complaint does not put it on notice of the legal basis or facts that support either an interference or a retaliation claim under the FMLA. (*Id.*)

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Under well-settled Supreme Court precedent, this means that 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Because the Federal Rules embody the concept of liberalized 'notice pleading,' a complaint need contain only a statement calculated to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff's second count is titled "Plaintiff's unlawful termination by Defendant's [sic] constituted a breach of the CBA and a violation of Norfolk Southern FMLA Policy and Procedure as outlined in Norfolk Southern Corporation's FMLA fact sheet for agreement employees." (Dkt. 18-1 at 10.)  In count two, Plaintiff cites Defendant's fact sheet for the allegation that "FMLA is enforced, including investigation of complaints, by the U.S. Labor Department's Employment Standards Administration, Wage and Hour Division. . . . An eligible employee may . . . bring a private civil action against an employer for violations." (Dkt. 18-1 ¶ 35.)  Plaintiff alleges on the morning of August 11, 2017, she realized she had a doctor's appointment and notified her immediate supervisor who approved the request.  (*Id.* ¶¶ 36–37.)  Plaintiff again cites Defendant's fact sheet for the allegation that "[i]t is unlawful for an employer, to DISCHARGE or DISCRIMINATE against an individual for opposing any practice, or because of involvement in any proceeding, related to FMLA."  (*Id.* ¶ 38.)  Plaintiff alleges Defendant's action in terminating her was in breach of the CBA as well as the standards set forth in the Department of Labor, Wage, and Hour Division.  (*Id.* ¶ 45.) While Plaintiff never cites the FMLA statute, she specifically alleges

Defendants breached the CBA *and* the Department of Labor, Wage, and Hour standards. (*Id.*) Throughout count two, Plaintiff repeatedly mentions the FMLA, yet Defendant never addresses the FMLA in its motion to dismiss. (*Compare* Dkt. 18-1 ¶¶ 35, 38, 46, *with* Dkt. 31.) While Plaintiff's FMLA claim is not entirely clear from her complaint, the complaint sufficiently puts Defendant on notice of Plaintiff's FMLA claim and the supporting facts.

"[T]he FMLA prohibits employers from interfering with, restraining, or denying 'the exercise of or the attempt to exercise' any rights guaranteed under the Act." *McCarroll v. Somerby of Mobile, LLC*, 595 F. App'x 897, 900 (11th Cir. 2014) (quoting 29 U.S.C. § 2615(a)(1)). The Eleventh Circuit has recognized two types of claims under the FMLA. First, the FMLA "protects employees against interference with the exercise or attempted exercise of their substantive rights under the statute." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015). "To state a claim of interference, the employee must allege [s]he was entitled to a benefit under the FMLA and was denied that benefit." *Id.* Second, an employee may assert a claim for retaliation—an allegation that the "employer discriminated against [the employee]

because [s]he engaged in an activity protected by the [FMLA]." *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012). Plaintiff alleges she sought and received intermittent FMLA leave, she tried to use that leave to attend a doctor's appointment, and she was wrongfully terminated based on using the leave. Plaintiff articulated an FMLA claim. The Court thus overrules Defendant's objection and adopts the R&R.

## C. Discrimination

In her third count, Plaintiff alleges she was unlawfully terminated as pretext to cover Defendant's illegal motive of race and age discrimination. (Dkt. 18-1 ¶¶ 47–68.) Plaintiff alleges she had outstanding accomplishments as an employee but was denied a position because she did not have a college education. (*Id.* ¶ 49.) She alleges Defendant's stated reason for firing her (lying about a doctor's appointment) was pretext to cover Defendant's illegal age discrimination. (*Id.* ¶ 51.) Plaintiff also alleges she was racially discriminated against because she was dating a black man. (*Id.* ¶ 54.) She contends her meeting her black fiancée for lunch, as witnessed by an investigator, "triggered rage and urgency" for her termination. (*Id.* ¶ 63.) The

11

Magistrate Judge recommends dismissing Plaintiff's discrimination claim for lack of EEOC exhaustion. (Dkt. 37 at 20–23.) The Court finds no plain error because Plaintiff admits she never filed a charge of discrimination with the EEOC. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (administrative exhaustion is required for Title VII claims); *Rizo v. Ala. Dep't of Hum. Res.*, 228 F. App'x 832, 835 (11th Cir. 2007) (per curiam) (administrative exhaustion is required for ADEA claims). The requirements for administrative exhaustion include filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory employment practice. *Rizo*, 228 F. App'x at 835.

Plaintiff admits she did not file a charge of discrimination with the EEOC but claims her 180-day time period was equitably tolled. "The general test for equitable tolling requires the party seeking tolling to prove (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 972 (11th Cir. 2016). This means equitable tolling can apply to toll "Title VII's statute of limitations period until the date a plaintiff 'knew or reasonably should have known that she was being discriminated

12

against.'" *Thomas v. Bed Bath & Beyond, Inc.*, 508 F. Supp. 2d 1264, 1277 (N.D. Ga. 2007) (quoting *Carter v. West Pub. Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000)). Plaintiff, relying on *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975), alleges her obligation to file an EEOC charge was not triggered because she had no reason to believe unlawful discrimination occurred. (Dkt. 18-1 ¶ 6.) But *Reeb* "involved active deception by the employer." *Villarreal*, 839 F.3d at 958. Because Plaintiff does not allege Defendant actively misled her, she must meet the general test—diligence and extraordinary circumstances. *Id.*

Plaintiff included Title VII and ADEA claims in her complaint, thus becoming aware of the alleged discrimination before filing suit. Yet Plaintiff does not explain why she failed to file an EEOC charge at that point. The complaint also alleges acts of discrimination while Plaintiff was employed with Defendant. (Dkt. 18-1 ¶¶ 55 (alleging that in 2016 her manager berated her and said her doctor was not bona fide because he was black), 50 (alleging that in 2016 one of Defendant's employees told a union representative that "we need to get rid of some of these old people").) These facts would indicate to a person with a reasonably prudent regard to her rights that her allegedly wrongful termination was

13

discriminatory. *See Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025 (11th Cir. 1994) (the timely filing period "does not start to run until the facts which would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). The Court sees no error in the Magistrate Judge's conclusion Plaintiffs Title VII and ADEA discrimination claims are subject to dismissal for lack of exhaustion.

### D.    Intentional Infliction of Emotional Distress

In her final count, Plaintiff alleges an IIED claim because of her wrongful termination "without cause" and by "falsely accusing her of lying and failing to comply with an unsigned letter." (Dkt. 18-1 ¶¶ 69–74.) She contends Defendant's actions were strictly pretext, she was terminated in a humiliating way and escorted out of the building, and Defendant's acts and omissions were intentional, malicious, and in reckless disregard of her emotions. (*Id.* ¶¶ 71–73.) She alleges as a result of Defendant's extreme and outrageous conduct, she needed to seek medical attention. (*Id.* ¶ 74.) The Magistrate Judge recommends dismissal because the conduct was not extreme or outrageous enough and the statute of limitations has run. (Dkt. 37 at 23–25.) The Court finds

no plain error because Plaintiff's allegations fail as a matter of law. *See Peoples v. Guthrie*, 404 S.E.2d 442, 444 (Ga. Ct. App. 1991) (a "false accusation of dishonestly or lack of integrity in connection with one's employment conduct" cannot establish a claim for IIED); *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1229 (11th Cir. 1993) (holding that an employee's termination, without warning and after 38 years of employment, might have been harsh and unkind but was not outrageous enough to support a claim for IIED); *Scott v. Rite Aid of Ga., Inc.*, 918 F. Supp. 2d 1292, 1304–05 (M.D. Ga. 2013) ("The law is clearly established that IIED claims under Georgia law are subject to a two-year statute of limitations.").

## IV.  Conclusion

Having reviewed the record de novo, the Court **OVERRULES** Defendant's objections (Dkt. 39) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 37).  The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (Dkt. 31). Plaintiff's second amended complaint is dismissed with the exception of her FMLA claims.

**SO ORDERED** this 7th day of September, 2021.


MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE