IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DAVIDA JACKSON,**  Plaintiff,  v.  **NORFOLK SOUTHERN RAILWAY COMPANY,**  Defendant. | **CIVIL ACTION FILE**  No. 1:20-CV-00859-MLB-JEM |

### UNITED STATES MAGISTRATE JUDGE'S
### NON-FINAL REPORT & RECOMMENDATION

Currently before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 64). Because the pleading is untimely, the undersigned **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings (Doc. 64) be **DENIED.**

**I.    BACKGROUND**

   A.    **Procedural History**

Plaintiff initiated this action by filing a complaint on February 25, 2020. (Doc. 1.) On April 6, 2020, Plaintiff filed her First Amended Complaint. (Doc. 4.) On August 24, 2020, Defendant moved to dismiss Plaintiff's First Amended Complaint. (Doc. 15.) On September 24, 2020, Plaintiff then filed her first motion for leave to file a second amended complaint. (Doc. 18.) Hon. Alan J. Baverman, the magistrate judge previously referred to this case, denied Plaintiff's motion without prejudice on November 4, 2020. (Doc. 21.) Plaintiff then filed her second

motion for leave to file a second amended complaint, (Doc. 23), which Judge Baverman granted on January 22, 2021, (Doc. 43). Plaintiff's Second Amended Complaint then became the operative complaint, which Defendant moved to dismiss on February 4, 2021. (Doc. 31.) In his Non-Final Report & Recommendation (R&R) filed on July 23, 2021, (Doc. 37), Judge Baverman determined that Plaintiff had alleged claims against Defendant for violation of due process, breach of its Collective Bargaining Agreement, discrimination in violation of Title VII and the Age Discrimination in Employment Act, and intentional infliction of emotional distress, and he recommended dismissing them all. (*Id.* at 18, 23, 25.) However, Judge Baverman also determined that Plaintiff had articulated a claim under the Family and Medical Leave Act ("FMLA") as well, which Defendant had not moved to dismiss. (*Id.* at 18-20.) Judge Baverman therefore recommended that Plaintiff's FMLA claim should survive. (*Id.* at 20.) On September 7, 2021, District Judge Brown adopted the R&R in full. (Doc. 40 at 15.) Consequently, this cased proceeded on Plaintiff's FMLA claim alone.

On March 11, 2022, after the parties had been engaged in discovery for approximately four months, Defendant filed its Motion for Judgment on the Pleadings. (*See* Dkt; Doc. 64). Plaintiff responded on March 25, 2022, (Doc. 68), to which Defendant replied on April 8, 2022, (Doc. 72).

## II.   DISCUSSION

Defendant moves for judgment on the pleadings on the basis that Plaintiff's FMLA claim is barred by the FMLA's statute of limitations. (*See* Doc.

64.) A party may move for judgment on the pleadings after a complaint and answer have been filed but before doing so would delay trial. Fed. R. Civ. P. 12(c); *S.W. v. Clayton Cty. Pub. Sch.*, 185 F. Supp. 3d 1366, 1373-74 (N.D. Ga. 2016) (citing *Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist.*, 631 Fed. App'x 851, 853 (11th Cir. 2015) (per curiam)). Under the Local Rules of this Court, such a motion must be filed within 30 days after the beginning of discovery unless the moving party obtains prior permission from the Court to extend the filing deadline. *Norton v. Nexair, LLC*, No. 1:19-CV-03901-ELR, 2021 U.S. Dist. LEXIS 258510, at *9 (N.D. Ga. Sep. 28, 2021); LR 7.1(A)(2) and 7.2, NDGa.

Plaintiff asserts that Defendant's motion for judgment on the pleadings is untimely under Local Rule 7.1(A)(2), as well as the joint preliminary report and discovery plan in this case, because Defendant did not file it within 30 days after the beginning of discovery. (Doc. 68 at 6.) Defendant replies, in a footnote only, that the Court should disregard this time limitation for several reasons. (Doc. 72 at 2 n.1.) First, Defendant explains that "given the time allowed for Plaintiff to amend her Complaint under the Scheduling Order, Defendant reasoned that it would be premature and improper to bring this motion prior to the close of the pleadings." (*Id.*) Second, Defendant states that its motion for judgment on the pleadings is dispositive and so considering it on the merits promotes judicial economy. (*Id.*)

The undersigned agrees with Plaintiff. Under Local Rule 26.2(A), discovery begins 30 days "after the appearance of the first defendant by answer to the complaint[.]" LR 26.2(A), NDGa. Defendant filed its Answer to Plaintiff's

Second Amended Complaint on September 21, 2021. (Doc. 44.) Thus, discovery began on October 21, 2021, and Defendant's last day to file its motion for judgment on the pleadings was November 22, 2021. Defendant did not file it until March 11, 2022, (Doc. 64), more than three months after the deadline. Defendant's motion for judgment on the pleadings was therefore untimely. *See Mahaffey v. Ocwen Loan Servicing, LLC*, 1:18-CV-0203-TCB-JSA, 2018 WL 6839059, at *2 n.1 (N.D. Ga. Dec. 4, 2018), report and recommendation adopted, 2018 WL 6838985, at *1 (N.D. Ga. Dec. 21, 2018). While the Court has the discretion to waive a Local Rule, *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994), the Court also has discretion to "decline to consider any motion or brief that fails to conform with the requirements of the Local Rules," *Monfort v. Ckcg Health Care Servs.*, No. 1:19-cv-00354-MLB-RGV, 2020 U.S. Dist. LEXIS 254554, at *18 (N.D. Ga. May 20, 2020). Here, the undersigned finds it inappropriate to waive the Local Rules' relevant filing deadline under these circumstances. *See Norton*, 2021 U.S. Dist. LEXIS 258510, at *9. Defendant neither requested nor obtained the Court's leave to file its motion for judgment on the pleadings more than three months after the deadline. (*See* Dkt.) The undersigned also is not convinced by Defendant's reasoning that it was waiting for the pleadings to close before filing. The pleadings closed as soon as Defendant filed its Answer, *see* Fed. R. Civ. P. 12(c); *S.W.*, 185 F. Supp. at 1373, and Defendant does not explain why it waited four months afterwards to file its motion for judgment on the pleadings, (*see* Docs. 64, 72).

4

## III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings (Doc. 64) be **DENIED**.

**IT IS SO RECOMMENDED** this 24th day of October 2022.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE